UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| TIMOTHY OMAR HANKINS, SR., | ) | CASE NO.: 18-03044-5-DMW |
| | ) | |
| DEBTOR | ) | |

## ARGUMENT IN SUPPORT OF MOTION TO DISMISS

The case of the Debtor Timothy Omar Hankins, Sr. (hereinafter "Debtor") should be dismissed for cause pursuant to 11 U.S.C. 707(a).  Virtually none of the documents and pleadings filed by the Debtor in this case have been well-grounded in fact.  Nor has the relief requested in the pleadings been supported by the facts or warranted by the law.  They have been comprised primarily of redundant, immaterial, impertinent, and scandalous matters and allegations.  The Debtor's filings have been interposed for improper purposes, to harass and to cause needless increase in the cost of administration of this case.  There is every reason to believe that if this case is not dismissed, the Debtor will continue with these filings.

The pleadings and other documents filed by the Debtor demonstrate that he has an engrained and paranoid contempt for the judicial system, in general, and lawyers, in particular. He can dislike lawyers, but he is not entitled to seek relief under the Bankruptcy Code with the "intent" and contempt he has manifested in his filings.

The abyss between reality and the world as seen through the eyes of the Debtor is apparent from his own statements alone, but the independent Statement of Investigation filed by the Trustee [DE 151] leaves no doubt that the Debtor has made and continues to make false and frivolous statements and claims related to his prior dealings with his creditors, especially Sardia

M. Porter-Hankins (hereinafter "Mrs. Hankins"). Mrs. Hankins incorporated the Trustee's Investigation into her motion to dismiss and requests that the facts set out therein weigh heavily on the Court's ruling on her motion to dismiss.

Mrs. Hankins will not endeavor to set out all of the improper filings made by the Debtor in this argument, but does request that the Court take special note of the following:

1. The 125 pages designated as Supplement to Filing (DE 19];

2. Claim of Exemptions (Amended Schedule C) (Portion of DE 35];

3. Contempt of Court and Bankruptcy Fraud Relief [DE 70];

4. Exhibits [DE 98];

5. Response in Opposition to Motion to Dismiss [DE 175]; and

6. Debtor's Notice of Intent [DE 180]

All of these filings establish that the filing of the bankruptcy by the Debtor was with improper intent and for purposes unrelated to providing debt relief to the unfortunate, but honest debtor. However, the most recent document, "Debtor's Notice of Intent" [DE 180] demonstrates this point in Debtor's own words, as follows:

1. Paragraphs 3 and 8 indicate the intent to discharge all of his debts, even through the debt to Mrs. Hankins is excepted from discharge pursuant to §523(a)(15). He asserts constitutional and other violations, which are illusory.

2. Paragraphs 5 and 9 state his intent not to obtain debt relief, but to redress grievances against lawyers that are not supported by facts, and not within the purview of this Court to grant.

3. Paragraphs 16 and 21 make allegations concerning racism which are inflammatory and unfounded.

4. The affidavit attached to the Debtor's Notice of Intent contains ramblings about court proceedings many years ago that have no relevance to the bankruptcy proceeding. The Debtor states, "I have never trusted lawyers *or the administration of the courts*, (emphasis added)."

The filing of this bankruptcy by the Debtor was clearly motivated solely by his opposition to the order entered in Wake County District Court in the equitable distribution action with Mrs. Hankins. It was targeted at her. The relief he seeks with respect to her enforcing that judgment is unattainable in either a chapter 7 or chapter 11 proceeding. Mrs. Hankins contends that in some respects the property awarded to her in the ED proceeding is her separate property and not property of the estate. However, assuming for the sake of argument, that all of the property constitutes property of the estate and Mrs. Hankins is just the holder of a claim, the claim is excepted from discharge pursuant to 11 U.S.C. §523(a)(15). Furthermore, since the overwhelming percentage of the allowable claim belongs to Mrs. Hankins, the liquidation of the estate assets in a chapter 7 will serve primarily to pay Mrs. Hankins' claim. These consequences are polar opposites of the Debtor's stated intent in filing the bankruptcy. Mrs. Hankins desires to have the case dismissed and enforce her claim requested under the ED Order in State Court. Her desire may or may not be in her best interests, but that determination is one she is entitled to make. Her concern that administrative expenses will diminish the payment of her claims is legitimate. In light of the fact that maintaining this case as a chapter 7 case doe not achieve any of the goals expressed by the Debtor in his most recent filing with the Court, dismissal of the case is the appropriate action for the Court to take.

SUMMARY

Section 707(a) of the Bankruptcy Code authorizes the Court to dismiss a case for cause. A bad faith filing is deemed cause. *In re Stockwell*, 579 B.R. 367 (Bank. E.D.N.C. 2017). There can be no doubt that intent of the Debtor as set out in his own pleading, in filing this bankruptcy and the actions he has taken in his numerous improper filings in this case to carry out that intent constitutes bad faith.

This the 27th day of February, 2019.

                                JANVIER LAW FIRM, PLLC

                                By:  <u>s/ William E. Brewer, Jr.</u>
                                     William E. Brewer, Jr.
                                     N.C. State Bar No: 7018
                                     311 E. Edenton Street
                                     Raleigh, North Carolina 27601
                                     Telephone No.: (919) 582-2323
                                     Facsimile No.: (866) 809-2379
                                     Email: wbrewer@janvierlaw.com

CERTIFICATE OF SERVICE

I, Darlene Hill of the Janvier Law Firm, PLLC, do hereby certify that I served the attached ARGUMENT IN SUPPORT OF MOTION TO DISMISS upon the parties listed below by mailing a copy thereof to said parties at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina or by the ECF System as allowed by law.

>Timothy Omar Hankins, Sr.
>VIA HAND DELIVERY

The following were served via electronic service:

>Nicholas C. Brown, *Chapter 11 Trustee*

>Brian Behr, *Bankruptcy Administrator*

I declare under penalty of perjury that the foregoing is true and correct.

>This the 27th day of February, 2019.

>>s/ Darlene Hill
>>Darlene Hill