IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-158-FL

| | | |
|---|---|---|
| TIMOTHY O. HANKINS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SARDIA MARIE PORTER-HANKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to dismiss (DE 9). The issues raised have fully briefed and in this posture are ripe for ruling. For the reasons that follow, plaintiff's motion to dismiss is granted.

## BACKGROUND

On April 18, 2019, plaintiff filed the instant appeal from the decision of the bankruptcy court, asking this court to overturn a decision denying certification of appeal directly to the United States Court of Appeals for the Fourth Circuit. Five days later, plaintiff sent a request to this court that it forward all transcripts and records to the Fourth Circuit for review. Plaintiff filed the instant motion to dismiss on May 14, 2019, asserting that he has directly appealed to the Fourth Circuit pursuant to 28 U.S.C. § 158(d), and that the case is now before the appellate court. Plaintiff requests that this court dismiss his appeal without prejudice.

Shortly thereafter, the bankruptcy court filed a recommendation of dismissal of appeal. The bankruptcy court asserts that dismissal is instead appropriate because plaintiff failed to pay the filing

fee required to appeal, and he did not designate items to be included in the record on appeal and issues presented on appeal. See 28 U.S.C. § 1930; Fed. R. Bankr. P. 8009. Defendant argues the matter should be dismissed for the reasons set forth by the bankruptcy court.

### COURT'S DISCUSSION

The filing fee for an appeal from the decision of the bankruptcy court in this case is $298.00. See 28 U.S.C. § 1930 (providing for a $293.00 appeal fee in addition to a statutorily mandated $5.00 fee for every appeal). In addition, an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). Pro se litigants are not exempt from compliance with court procedures. See Saimplice v. Ocwen Loan Servicing Inc., 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019). The bankruptcy court represents, and plaintiff does not deny, that plaintiff has failed to meet the basic procedural requirements for appealing the bankruptcy court's decision. Accordingly, plaintiff's motion to dismiss is granted, but the court grants the motion for failure to comply with Rule 8009 and 28 U.S.C. § 1930.

### CONCLUSION

Based on the foregoing, plaintiff's motion to dismiss (DE 9) is GRANTED. Plaintiff's appeal is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of June, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge